IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KNOWLEDGE ECOLOGY INTERNATIONAL,<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICE; U.S. DEPARTMENT OF THE ARMY,<br><br>     Defendants. | Case No. 1:20-cv-02986-KBJ |

## **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants hereby answer the First Amended Complaint (ECF No. 8) filed by Plaintiff Knowledge Ecology International as follows, in correspondingly numbered paragraphs.

1. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

2. This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Defendants admit that the United States Department of Health and Human Services ("HHS") is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and that it is headquartered in the District of Columbia. The rest of the allegations in this paragraph consist of legal conclusions, to which no response is required.

5. Defendants admit that the United States Department of the Army ("Army") is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendants deny that the

Army is headquartered in the District of Columbia. Defendants aver the Army is headquartered in Arlington County, Virginia. The rest of the allegations in this paragraph consist of legal conclusions, to which no response is required.

6.     Defendants admit that, on April 9, 2020, Plaintiff submitted a FOIA request to HHS. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

7.     This paragraph consists of Plaintiff's characterization of the April 9 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

8.     Defendants admit that HHS acknowledged the April 9 request by email on April 15, 2020. The remainder of the allegations consist of Plaintiff's characterization of the April 15 email, to which no response is required. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents.

9.     Defendants admit that an HHS FOIA officer sent Plaintiff an email on April 17, 2020. The remainder of the allegations consist of Plaintiff's characterization of the April 17 email, to which no response is required. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents.

10.    Defendants admit that Plaintiff responded by email on April 17, 2020. The remainder of the allegations consist of Plaintiff's characterization of the April 17 email, to which no response is required. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents.

11.    Defendants admit that HHS granted Plaintiff's request for expedited processing by letter on June 23, 2020. The remainder of the allegations consist of Plaintiff's characterization of

the June 23 letter, to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

12. Defendants admit that, on June 24, 2020, HHS sent Plaintiff a final response letter concerning the April 9 request. The remainder of the allegations consist of Plaintiff's characterization of the June 24 final response letter, to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

13. This paragraph consists of Plaintiff's characterization of Defendants' final response, to which no response is required. Defendants respectfully refer the Court to that final response for a complete and accurate statement of its contents.

14. This paragraph consists of legal conclusions, to which no response is required.

15. This paragraph consists of legal conclusions, to which no response is required.

16. This paragraph consists of legal conclusions, to which no response is required.

17. This paragraph consists of legal conclusions, to which no response is required.

18. This paragraph consists of legal conclusions, to which no response is required.

19. The allegations in this paragraph consist of Plaintiff's characterization of the June 24 final response letter, to which no response is required. Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

20. This paragraph consists of legal conclusions, to which no response is required.

21. This paragraph consists of Plaintiff's characterizations of the responsive documents, to which no response is required. Defendants respectfully refer the Court to the responsive documents for a complete and accurate statement of their contents.

22. This paragraph consists of Plaintiff's characterizations of the responsive documents, to which no response is required. Defendants respectfully refer the Court to the responsive documents for a complete and accurate statement of their contents.

23. This paragraph consists of Plaintiff's characterizations of the responsive records, to which no response is requires. Defendants respectfully refer the Court to those records for a complete and accurate statement of their contents.

24. Defendants admit that contract HHSO100201700018C, a contract between HHS and Janssen as originally executed, and HHSO100201600005I, a contract between HHS and Protein Sciences Corp. as originally executed, were not provided in response to Plaintiff's April 9 request.

25. This paragraph consists of legal conclusions, to which no response is required.

26. Defendants admit HHS received from Plaintiff an appeal via letter dated September 1, 2020. The remaining allegations consist of Plaintiff's characterization of that appeal, to which no response is required. Defendants respectfully refer the Court to that appeal for a complete and accurate statement of its contents.

27. Defendants admit that HHS has not issued a final determination regarding the appeal.

28. This paragraph consists of legal conclusions, to which no response is required.

29. Defendants aver HHS is unable to locate a May 12, 2020 FOIA request from Plaintiff, and on that basis deny the allegations in this paragraph. Defendants further aver that Plaintiff's counsel provided a copy of the alleged request, dated May 21, 2020, to Defendants' counsel via email on December 14, 2020.

30. This paragraph consists of Plaintiff's characterization of the alleged May 12 FOIA request, to which no response is required.

31. Defendants admit that HHS has not acknowledged receipt of Plaintiff's alleged May 12 request.

32. This paragraph consists of legal conclusions, to which no response is required.

33. Defendants admit that, on July 8, 2020, Plaintiff submitted a FOIA request to HHS. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

34. This paragraph consists of Plaintiff's characterization of the July 8 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

35. Defendants admit that HHS acknowledged the July 8 request and labeled it Request No. 2020-01451-FOIA-OS.

36. Defendants admit that HHS granted Plaintiff's request for expedited processing by email on July 16, 2020.

37. Defendants deny that, as of the date of the filing of the First Amended Complaint, HHS had not provided a final determination regarding Plaintiff's July 8 request. Defendants aver HHS sent Plaintiff a letter on October 22, 2020, stating that "there are no records" held by HHS that are "responsive to your request," and recommending that Plaintiff resubmit the request to the Joint Program Executive Office in the Department of Defense (DOD). Defendants further aver that no fees were charged for the processing of the request.

38. This paragraph consists of legal conclusions, to which no response is required.

39. Defendants admit that, on July 27, 2020, Plaintiff submitted a FOIA request to HHS. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

40. This paragraph consists of Plaintiff's characterization of the July 27 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

41. Defendants deny that, as of the date of the filing of the First Amended Complaint, HHS had not acknowledged the July 27 request. Defendants aver HHS acknowledged the July 27 request in a letter dated July 30 and labeled it Request No. 2020-01581-FOIA-OS.

42. This paragraph consists of legal conclusions, to which no response is required.

43. Defendants admit that, on July 28, 2020, Plaintiff submitted a FOIA request to HHS. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

44. This paragraph consists of Plaintiff's characterization of the July 28 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

45. Defendants admit that HHS did not acknowledge receipt of the July 28 FOIA request.

46. This paragraph consists of legal conclusions, to which no response is required.

47. Defendants admit that, on July 28, 2020, Plaintiff submitted a second FOIA request to HHS. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

48. This paragraph consists of Plaintiff's characterization of the second July 28 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

49. This paragraph consists of Plaintiff's characterization of the second July 28 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

50. Defendants admit that HHS acknowledged the second July 28 FOIA request and labeled it Request No. 2020-01589-FOIA-OS.

51. Defendants admit that, on August 7, HHS sent a letter to Plaintiff seeking clarification on the second July 28 FOIA request. The remaining allegations in this paragraph consist of Plaintiff's characterization of the August 7 letter, to which no response is required. Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

52. Defendants admit that, on August 7, Plaintiff responded to HHS's letter by email. The remaining allegations in this paragraph consist of Plaintiff's characterization of Plaintiff's August 7 response, to which no response is required. Defendants respectfully refer the Court to that response for a full and accurate statement of its contents.

53. Defendants admit that HHS replied to Plaintiff's email on August 11. The remaining allegations in this paragraph consist of Plaintiff's characterization of the August 11 response, to which no response is required. Defendants respectfully refer the Court to that response for a full and accurate statement of its contents.

54. This paragraph consists of legal conclusions, to which no response is required.

55. Defendants admit that HHS has not provided Plaintiff with a final determination or responsive records regarding Plaintiff's second July 28 FOIA request or a determination regarding

the request for a fee waiver. Defendants deny that HHS has not made a determination regarding Plaintiff's request for expedited processing. Defendants aver HHS granted Plaintiff's request for expedited processing in a letter transmitted August 25, 2020.

56. This paragraph consists of legal conclusions, to which no response is required.

57. Defendants aver that Army was unable to locate a July 8, 2020, FOIA request that Plaintiff allegedly submitted to the Army and the Joint Program Executive Office for Chemical, Biological, Radiological, and Nuclear Defense (JPEO-CBRN), and on that basis deny the allegations in this paragraph. Defendants further aver that Plaintiff's counsel provided a copy of the alleged request to Defendants' counsel via email on December 14, 2020.

58. This paragraph consists of Plaintiff's characterization of the alleged July 8 FOIA request, to which no response is required.

59. Defendants admit that Army and JPEO-CBRN have not acknowledged receipt of Plaintiff's alleged July 8 request.

60. This paragraph consists of legal conclusions, to which no response is required.

61. Defendants aver the Army was unable to locate a July 28, 2020, FOIA request that Plaintiff allegedly submitted to the Army and JPEO-CBRN, and on that basis deny the allegations in this paragraph. Defendants further aver that Plaintiff's counsel provided a copy of the alleged request to Defendants' counsel via email on December 14, 2020.

62. This paragraph consists of Plaintiff's characterization of the alleged July 28 FOIA request, to which no response is required.

63. Defendants admit that Army and JPEO-CBRN have not acknowledged receipt of Plaintiff's alleged July 28 request.

64. This paragraph consists of legal conclusions, to which no response is required.

65. Defendants admit that, on August 13, 2020, Plaintiff submitted a FOIA request to U.S. Army Contracting Command. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

66. This paragraph consists of Plaintiff's characterization of the August 13 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

67. Defendants admit that U.S. Army Contracting Command acknowledged August 13 FOIA request and labeled it Request No. FA-20-0033.

68. Defendants deny that the Army has not provided a final determination regarding Request No. FA-20-0033. Defendants aver the Army sent Plaintiff a final response letter and responsive documents in response to Request No. FA-20-0033 on October 28, 2020. Defendants further aver that no fees were charged for the processing of the request.

69. Defendants aver the Army was unable to locate an October 15, 2020, FOIA request from Plaintiff to the Army, and on that basis deny the allegations in this paragraph.

70. This paragraph consists of Plaintiff's characterization of the alleged October 15 FOIA request, to which no response is required.

71. Defendants admit that the Army has not acknowledged receipt of Plaintiff's alleged October 15 request.

72. This paragraph consists of legal conclusions, to which no response is required.

73. Defendants aver the Army was unable to locate a second October 15, 2020, FOIA request from Plaintiff to the Army, and on that basis deny the allegations in this paragraph.

74. This paragraph consists of Plaintiff's characterizations of the responsive documents sought by the alleged second October 15 FOIA request, to which no response is required.

75. This paragraph consists of Plaintiff's characterization of the alleged second October 15 FOIA request, to which no response is required.

76. This paragraph consists of Plaintiff's characterization of the alleged second October 15 FOIA request, to which no response is required.

77. Defendants admit that Army has not acknowledged receipt of Plaintiff's alleged second October 15 request.

78. This paragraph consists of legal conclusions, to which no response is required.

79. Defendants admit that, on October 20, 2020, Plaintiff submitted a FOIA request to U.S. Army Contracting Command. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

80. This paragraph consists of Plaintiff's characterization of the October 20 FOIA request, to which no response is required. Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

81. Defendants deny that Army has not acknowledged receipt of Plaintiff's second October 20 request. Defendants aver the Army sent Plaintiff a final response letter to this request on November 19, 2020, stating the request was "considered withdrawn" because Plaintiff did not respond to an October 22, 2020 email seeking clarification. Defendants further aver that the request was assigned FOIA Case No. 21-007.

82. This paragraph consists of legal conclusions, to which no response is required.

83. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

84. This paragraph consists of legal conclusions, to which no response is required.

85. This paragraph consists of legal conclusions, to which no response is required.

86. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

87. This paragraph consists of legal conclusions, to which no response is required.

88. This paragraph consists of legal conclusions, to which no response is required.

89. Defendants admit that HHS has not provided a final response or responsive records to Request No. 2020-01589-FOIA-OS. Defendants deny that HHS has not provided a final determination regarding Request No. 2020-01451-FOIA-OS. Defendants aver HHS sent Plaintiff a final "no records" letter in response to Request No. 2020-01451-FOIA-OS on October 22, 2020.

90. This paragraph consists of legal conclusions, to which no response is required.

91. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

92. This paragraph consists of legal conclusions, to which no response is required.

93. This paragraph consists of legal conclusions, to which no response is required.

94. Defendants admit that HHS has not acknowledged the May 12 request or the first July 28 request. Defendants deny that HHS has not acknowledged the July 27 request. Defendants aver that HHS acknowledged the July 27 request in a letter dated July 30 and labeled it Request No. 2020-01581-FOIA-OS. Defendants admit that HHS has not provided a final determination or responsive records to these three requests.

95. This paragraph consists of legal conclusions, to which no response is required.

96. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

97. This paragraph consists of legal conclusions, to which no response is required.

98. This paragraph consists of legal conclusions, to which no response is required.

99. This paragraph consists of legal conclusions, to which no response is required.

100. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

101. This paragraph consists of legal conclusions, to which no response is required.

102. This paragraph consists of legal conclusions, to which no response is required.

103. This paragraph consists of legal conclusions, to which no response is required.

104. This paragraph consists of legal conclusions, to which no response is required.

105. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

106. This paragraph consists of Plaintiff's characterization of the FOIA requests submitted to HHS, to which no response is required. Defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

107. This paragraph consists of legal conclusions, to which no response is required.

108. This paragraph consists of legal conclusions, to which no response is required.

109. This paragraph merely realleges the foregoing paragraphs. Defendants' corresponding answers are incorporated by reference.

110. This paragraph consists of Plaintiff's characterization of the FOIA requests submitted to the Army, to which no response is required. Defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents.

111. This paragraph consists of legal conclusions, to which no response is required.

112. This paragraph consists of legal conclusions, to which no response is required.

\*   \*   \*

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief. Defendants also deny all allegations in the Complaint not expressly admitted or denied.

## DEFENSES

Some or all of the requested documents and information may be exempt from disclosure. *See* 5 U.S.C. § 552(b).

Dated: December 14, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
(D.C. Bar # 1660091)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 353-0693
Fax: (202) 616-8460
Email: michael.p.clendenen@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 14th day of December, 2020, I caused the foregoing document to be served on counsel for plaintiff by filing with the court's electronic case filing system.

                                          */s/ Michael P. Clendenen*
                                          MICHAEL P. CLENDENEN