**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KNOWLEDGE ECOLOGY INTERNATIONAL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 1:20-cv-02986-KBJ |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICE; U.S. DEPARTMENT OF THE ARMY, | ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 21, 2020 Minute Order, the Parties, by and through their undersigned counsel, respectfully submit the following.

On October 16, 2020, Plaintiff Knowledge Ecology International ("KEI") filed this Freedom of Information Act ("FOIA") lawsuit against the United States Department of Health and Human Services ("HHS") and the United States Department of the Army ("Army"). At issue in this FOIA lawsuit are fourteen FOIA requests filed by KEI with HHS and Army seeking contracts between the federal government and private medical companies for research and development into treatments and vaccinations for COVID-19. HHS and Army have released some of the contracts sought, with portions redacted under FOIA Exemption 4, 5 U.S.C. § 552(b)(4). Most of the contracts released by HHS and Army in response to this lawsuit have also been posted publicly on the HHS website. *See* https://www.hhs.gov/coronavirus/contracts/index.html; https://www.hhs.gov/foia/electronic-reading-room/index.html. On January 8, 2021, KEI filed a consent motion for leave to file a second amended complaint, with an attached second amended

complaint. (Dkt. No. 12). The second amended complaint adds additional HHS FOIA requests seeking HHS contracts.

The undersigned counsel have conferred but have not agreed to a timeframe for completion of processing and production of the outstanding materials. The undersigned counsel will continue to confer this week about a production timeline. The Parties anticipate that, following the completion of processing and production, disputes will remain as to the propriety of some of the redactions to the responsive documents. These remaining issues should likely be resolved on cross-motions for summary judgement.

## PLAINTIFF'S STATEMENT

This litigation has two components. One aspect of this lawsuit is the production of outstanding contracts that embody the U.S. government's response to COVID-19. Time is of the essence in obtaining these contracts as their terms inform the government's options for addressing shortages of vaccines, treatments, diagnostics and other badly-needed supplies and for ensuring the equality of access. The second component of this FOIA action is litigating the legality of Defendants' extensive redactions to the contracts at issue. Time is also of the essence as regards the redactions because they obscure the meaning of the contracts, when the death-toll from COVID-19 is rising at devastating rates and shortages have already occurred and are likely to be exacerbated in the near future. Plaintiff has received requests from the press and public interest groups regarding the contracts at issue, reflecting the strong public interest in their transparency.

Plaintiff is open to cooperating with Defendants in order to facilitate the timely resolution of the issues.

Unfortunately, the Army has unreasonably refused to agree to a production schedule of contracts responsive to a FOIA request included in the First Amended Complaint, which was filed

on November 19, 2020—58 days ago. (Dkt No. 8). In our conversations regarding this Joint Status Report, Plaintiff made a simple request to engage in a discussion of the Army's perspective on its production capabilities and a date certain for providing the next batch of the remaining contracts at issue. The Army's refusal to engage in that discussion frustrates the spirit and intent of the FOIA.

On October 20, 2020, KEI submitted a FOIA requested to the Department of the Army, via email to usarmy.belvoir.hqda oaa ahs.mbx.rmda-foia@mail.mil—the email address listed for the Army on the Army Freedom of Information Act Office webpage titled, "Submit a FOIA Request". The subject line of the request is "US Army FOIA Request Related to COVID-19 Agreements" and the heading of the request notes that it was addressed to the Department of the Army.

The First Amended Complaint properly alleges that KEI submitted this request to the Army on October 20, 2020, and that the Army failed to acknowledge it. (*Id.* ¶¶ 79-82). The Army's Answer erroneously asserts that the Army responded to this request (Dkt. No. 11 ¶ 81), but it references a different request addressed to and received by the Defense Threat Reduction Agency (DTRA).

Had the Army performed a quick search for "Knowledge Ecology International" and emails from October 20, 2020 in the inbox for the Army FOIA email address, the Army would have easily located the request (as it did at Plaintiff's insistence on the date of this filing). During the Parties' January 8, 2021 phone call, Defendants' counsel asked Plaintiff to produce evidence that the request was submitted to the Army. During their January 11, 2021 call, Defendants asserted that it would take "days" to locate the relevant FOIA, though they later notified KEI that the Army was able locate it. At this point in this lawsuit, the Parties should be past the point of Plaintiff being asked to prove that a properly submitted request to the Army was in fact submitted. We have been

directed to provide a timeframe for production of the documents at issue, and that is what Plaintiff seeks to do.

The October 20, 2020 Army FOIA request includes a large number of contracts, and failing to begin production of the contracts as soon as practicable will needlessly prolong this litigation and dilute the value of information in which the public holds a compelling interest. Plaintiff should not be prejudiced in its ability timely to obtain the records sought due to the Army's failure to perform its due diligence. Furthermore, during the parties' conversations about how to approach this Joint Status Report, Plaintiff sought only a discussion about a reasonable timeframe for production of a small number of contracts, based on Defendants' capacity. It did not seek contracts on demand. In sum, Plaintiff's request to discuss a date certain for production of the next contracts was reasonable and the Army had no legitimate basis for refusing it. For this reason, Plaintiff respectfully requests that the Court enter a deadline of February 11, 2021 for the Army to produce the first 500 pages responsive to the October 20, 2020 Army FOIA request.

Plaintiff appreciates that Defendants have not had sufficient time to review the allegations in the Second Amended Complaint, and for this reason have agreed to the Parties requesting leave to file a second joint status report proposing a schedule for production of the newly-added contracts. Plaintiff notes that the new contracts and claims pertain exclusively to HHS and thus are a separate issue from the unacknowledged October 20, 2020 FOIA request to the Army included in the First Amended Complaint.

## PLAINTIFF'S PROPOSAL

1.      Plaintiff joins with Defendants in requesting that the Court grant the Parties leave to file a second joint status report after Defendants file their answer to the Second Amended

Complaint. Plaintiff agrees to Defendants' proposed deadline of February 5, 2021 for submitting the second status report.

2.      As noted, Plaintiff requests that the Court order the Army to produce the first 500 pages of records responsive to the October 20, 2020 request no later than February 11, 2021.

3.      Defendants are correct that some of the contracts at issue have been produced, yet a number of contracts remain outstanding and many of the contracts so far produced contain excessive and unlawful redactions. The information sought will lose informational value if Plaintiff must wait untold months or even years before it can be heard regarding the unlawful redactions, and these redactions are ripe to be litigated as of the date of this filing. In addition, final resolution of this lawsuit likely will require the adjudication of redactions to a large number of contracts, making it challenging to litigate those redactions in one batch of summary judgment motions. In the interests of promoting the timely resolution of the issues and in making the briefing process more manageable for all parties concerned, Plaintiff respectfully requests that the Court enter a briefing schedule for litigation of the redactions to the contracts already produced so that the Parties may brief them concurrent with, rather than subsequent to, the production of the remaining contracts. Plaintiff requests that the Court enter a deadline of February 11, 2021 (past the deadline by which Defendants will file their Answer to the Second Amended Complaint and past the deadline for filing the next status report) for Defendants to submit *Vaughn* indices for all redactions to all contracts produced as of the date of this filing. Plaintiff also proposes that the Court set a deadline of March 11, 2021 for Plaintiff to submit its motion for summary judgment concerning these redactions and a deadline of April 11, 2021 for Defendants to submit their cross motion.  The deadlines for oppositions and replies to the cross motions would follow the applicable rules.

## DEFENDANTS' STATEMENT

As of the date of this Joint Status Report, HHS and Army have not had an opportunity to review the additions from the Second Amended Complaint, which was filed one business day ago, on Friday, January 8, 2021. The new allegations primarily pertain to HHS. HHS is unable to agree to a production schedule until it has reviewed these additions.

KEI states that the Army should agree to a production schedule of documents pursuant to a FOIA request that was in the First Amended Complaint. (Dkt. No. 8, ¶¶ 79–82). As described in the First Amended Complaint, "[o]n October 20, 2020, KEI submitted a FOIA request to the Army seeking all contracts entered into by DOD 'for the research, development, manufacture and/or procurement of a COVID-19-related technology.'" (Dkt. No. 8, ¶ 79). The request was not attached to the First Amended Complaint, nor did the Complaint specify to which component of Army the request was submitted. Army located a request that had been received by the Department of Defense, Defense Threat Reduction Agency (DTRA) FOIA Office, dated October 20, 2020, seeking "any and all contracts entered into by the Department of Defense (DoD) with any company or entity for the research, development, manufacture and/or procurement of a COVID-19-related technology." Given the date and content of the request, undersigned counsel for Army believed the DTRA request was the request to which the First Amended Complaint referred. As averred in Defendants' answer to the First Amended Complaint, the DTRA FOIA office "sent Plaintiff a final response letter to this request on November 19, 2020, stating the request was 'considered withdrawn' because Plaintiff did not respond to an October 22, 2020 email seeking clarification." (Dkt. No. 11, ¶ 79). As such, undersigned counsel for Army further believed that this request was no longer active.

6

On Friday, January 8, 2021, counsel for KEI informed counsel for the Army during the telephonic meet-and-confer that KEI sent an identical request on the same date to Army's FOIA policy office and FOIA requester service center, at email address usarmy.belvoir.hqda-oaa-ahs.mbx.rmda-foia@mail.mil. As of January 11, 2021, Army has been made aware that this request is part of this litigation and should be treated accordingly. Because of the short timeframe, Army has not yet had an opportunity to identify responsive documents to this request. As such, Army is unable to agree to a production schedule until it has considered the request and located responsive documents. Counsel for KEI also sent to counsel for Army on Friday, January 8, 2021, a list of specific documents sought pursuant to this request, and counsel for Army has forwarded this list to the Army for consideration along with the request.

<strong>DEFENDANTS' PROPOSAL</strong>

Defendants HHS and Army will file an answer to the second amended complaint on or before January 22, 2021, as required by Federal Rule of Civil Procedure 15(a)(3). Defendants propose that the Parties to file another joint status report 14 days after Defendants file their answer to the second amended complaint, or by February 5, 2021. Defendants oppose Plaintiff's request that a summary judgment schedule be entered before Defendants have had an opportunity to review the Second Amended Complaint and before the Parties have agreed to a production schedule.

Dated: January 11, 2021                                    Respectfully submitted,

                                                           /s/ *Kathryn Ardizzone*
                                                           Kathryn Ardizzone (D.C. Bar No. 1631208)
                                                           Knowledge Ecology International
                                                           1621 Connecticut Ave NW, Suite 500
                                                           Washington, DC 20009
                                                           (202) 332-2670
                                                           kathryn.ardizzone@keionline.org

                                                           *Counsel for Plaintiff*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
(D.C. Bar # 1660091)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 353-0693
Fax: (202) 616-8460
Email: michael.p.clendenen@usdoj.gov

*Counsel for Defendants*